## Abstract of the Decision.

1.  RECEIVERS, § 12*—*bond as condition precedent to appointment.* Compliance with Rev. St. ch. 22, sec. 53 (J. & A. ¶ 2743), regarding the giving of a bond by complainant, is a *sine qua non* to the court's power to appoint a receiver, unless by the order itself the giving of such a bond is dispensed with.

2.  APPEAL AND ERROR, § 1165*—*when Appellate Court may not determine whether rules of trial court as to appeal bond complied with.* Where an appeal bond, on an appeal from the Circuit Court, is in proper form and is approved by the court, the question whether the person giving it complied with the rules of the court is not for the Appellate Court, but for the court to which the bond was presented and by which it was approved.

3.  APPEAL AND ERROR, § 1289*—*when assumed that rules of Circuit Court relative to appeal bonds complied with.* Where the rules of the Circuit Court are not in the record on an appeal therefrom, the Appellate Court will assume that the rules of the Circuit Court relative to appeal bonds were complied with to the satisfaction of the presiding judge.

---

## E. M. Bulkley et al., trading as Spencer Trask & Company, Appellants, v. Northern Trust Company, Executor, Appellee.

### Gen. No. 23,640.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918.

## Statement of the Case.

Action by E. M. Bulkley and others, partners, trading as Spencer Trask & Company, plaintiffs, against Northern Trust Company, as executor, etc., of E. A.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Salmstein, deceased, defendant, to recover broker's commissions on a sale of stock. From a judgment for defendant, plaintiffs appeal.

HOLT, CUTTING & SIDLEY, for appellants.

HUTTMANN, CLOYES & CARR, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 19*—*revocation of agency by death of principal.* A standing order given by a customer to a broker, effective until executed, to sell a certain number of shares of a certain stock at a specified price is revoked by the customer's death.

2. PRINCIPAL AND AGENT, § 19*—*when rule as to revocation of agency by death of principal not applicable.* The rule that the principal's death revokes all agencies created by him is subject to some exceptions, particularly where the agency is coupled with an interest.

3. PRINCIPAL AND AGENT, § 19*—*chargeability of third persons with knowledge of revocation of agency by death of principal.* While the general rule of law protects third persons who have dealt with an agent, the law nevertheless charges such persons with knowledge of the fact that the agent's authority is revoked by the principal's death.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.